## The petition in BENJ. F. HUNT's *Estate.*

ATTORNEYS are not officers of the Surrogate's Court. A party to a proceeding in a Surrogate's Court may select his own proctor, and change him at will.

THE SURROGATE. Two counselors appear for the petitioner, each claiming to control the proceedings on her behalf.

Mark J. King, an attorney and counselor of the Supreme Court, alleges that he is proctor for the petitioner by virtue of agreement appointing him her attorney, and claims that he has an interest in the property in question, contingent on the result of the proceedings, and that she has no power to revoke this appointment or to retain another person to appear for her.

Morris S. Miller insists that the petitioner has revoked her appointment of Mr. King, and that, therefore, Mr. King has no authority to appear for her in this proceeding; that the petitioner can appoint an attorney in fact

or proctor to conduct proceedings in this Court, and revoke the appointment at will; and that the agreement with King is void under the statutes of champerty and maintenance, notwithstanding the provisions of the Code.

Attorneys and proctors are not known to our law as officers in this Court. (*Cullen* v. *Miller*, 9 *N. Y. Legal Observer*, *pp.* 62, 66 ; *Coates* v. *Cheever*, 1 *Cow.*, *p.* 463 ; *Dayton on Surr.*, *p.* 8, cases cited.) But the right of a party to appoint an attorney in fact, or counselor to conduct proceedings in this Court, or to revoke his appointment, cannot be questioned ; and a party can change his proctor or counsel at pleasure, as the relation of attorney and client requires unlimited confidence and perfect harmony. (*Frost* v. *Repon*, 15 *How. Pr.*, 510.) Without considering the question whether the 304th section of the Code has abolished the statutes of champerty and maintenance (*vide* 3 *Sand. Sup. Ct. Rep.*, 696), this Court will not in this case enforce the right claimed by the attorney, Mr. King, under the agreement made with him by the petitioner, but must leave him to his remedies in the Courts of General and Common Law jurisdiction, which have the power of looking into arrangements between attorneys and clients. (*Barry* v. *Whiting*, 1 *Code Rep.*, *N. S.*, 101 ; 3 *Sand.*, 696.)

The petitioner will be allowed to appoint such proctor or attorney in fact as she may elect.